**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK APPELGREN, | |
| Plaintiff, | Civil Action No. 24-8009 (SDW) (JRA) |
| v. | **OPINION** |
| ISLAND HOSPITALITY MANAGEMENT VII, LLC, *et al.*, | May 19, 2025 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendants Island Hospitality Management VII, LLC d/b/a Hampton Inn and Suites ("Island Hospitality") and Hilton Worldwide Holdings, Inc.'s (Hilton) motion to dismiss (D.E. 35) *pro se* Plaintiff Mark Appelgren's second amended complaint (D.E. 31 ("SAC")). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated herein, the motion to dismiss is **GRANTED**.

    I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a Special Agent for the United States Department of the Treasury and suffers from severe social anxiety, generalized anxiety disorder, panic attacks, severe depression, irritable bowel syndrome ("IBS"), and "long-haul COVID" leaving him immunocompromised. (SAC ¶¶ 8, 12–22.) This lawsuit arises from his attempted stay at the Hampton Inn and Suites Newark-Harrison-Riverwalk at 100 Passaic Avenue, Harrison, New Jersey ("the Hotel") on September 16, 2023. (*Id.* at ¶ 33.) Plaintiff alleges that when he arrived at the Hotel that day, he "was already

experiencing a severe IBS flare-up" and sought "to check into his hotel room as quickly and discreetly as possible, minimize contact with others, and manage his symptoms in the privacy of his room and bathroom." (*Id.* at ¶ 36.) He did not check in smoothly, however; he alleges he experienced "unnecessary delays, hostile interactions, and indifference from hotel staff" that "trigger[ed] both a panic attack and an exacerbation of his IBS symptoms." (*Id.* at ¶¶ 37, 39 ("Plaintiff was treated with a callous indifference that left him feeling unwelcome and disrespected.").) Additionally, he was "overwhelmed by the chaotic and disruptive environment in the lobby, as guests moved around, spoke loudly, and created an uncomfortable atmosphere for someone in the midst of an anxiety attack." (*Id.* at ¶ 38.)

Plaintiff does not allege that he completed checking in or ever entered his hotel room. He states that "[b]efore leaving, [he] attempted to file a formal complaint with the hotel manager" that was "met with indifference." (*Id.* at ¶ 39.)[1] Plaintiff "called a close friend for help" who "rushed to the hotel to assist Plaintiff in quietly removing his belongings and leaving." (*Id.*)

Plaintiff alleges that he is still "haunt[ed]" by his experience at the Hotel, and that "his ability to travel has been severely impaired." (*Id.* at ¶ 44.) He states that his experience "aggravat[ed] his pre-existing conditions, including severe social anxiety, panic attacks, IBS, and long-haul COVID symptoms." (*Id.* at ¶ 45.) He also states that "[h]is ability to function as a Special Agent has been severely impaired, and he fears that his career may suffer as a result." (*Id.* at ¶ 58.)

Plaintiff filed his first complaint on July 23, 2024 against "Hampton Inn and Suites" and Hilton. (D.E. 1.) He first amended the complaint on August 2, 2024. (D.E. 5.) On October 4,

---

[1] Plaintiff also alleges that "he called the hotel from his car and tried to explain to the front desk manager what had transpired" and that he "was met with cold indifference." (SAC ¶ 40.) It is not clear if this is the same attempt to file a complaint with the manager that Plaintiff alleges making "[b]efore leaving." (*Id.* at ¶ 39.)

2024, he filed the second amended complaint with leave of Court and Defendants' consent. (SAC.) The second amended complaint identifies Island Hospitality and Hilton as Defendants, alleging that they "collectively control and operate" the Hotel. (*Id.* at ¶¶ 77–82 (describing Hilton as "franchisor").) It includes claims for violation of the Americans with Disabilities Act ("ADA"), violation of the New Jersey Law Against Discrimination, failure to train and supervise, gross negligence, breach of the duty of care, breach of contract, intentional infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, violation of the Fair Housing Act ("FHA"), and unjust enrichment. (*Id.* at ¶¶ 109–50.) Plaintiff seeks compensatory and punitive damages. (*Id.* at ¶ 156.) Defendants filed the present motion to dismiss on November 4, 2024, arguing that the Court lacks personal jurisdiction over Hilton and that Plaintiff fails to state a claim. (D.E. 35-1 ("Mot.").) Plaintiff opposed on December 11, 2024 (D.E. 39 ("Opp.")), and Defendants replied on January 13, 2025 (D.E. 46).

## II. **LEGAL STANDARD**

### A. **Personal Jurisdiction**

A defendant may move for dismissal based on lack of personal jurisdiction under Rule 12(b)(2). Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986) (quoting *Avdel Corp. v. Mecure*, 277 A.2d 207, 209 (N.J. 1971)); N.J. Ct. R. R. 4:4-4. "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Courts

in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. *Id.* (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990)).

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, however, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Id.* at 146; *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)) (providing that when personal jurisdiction defense is raised, plaintiff "must prov[e] by affidavits or other competent evidence that jurisdiction is proper"). The plaintiff need only present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

Personal jurisdiction can be established either through general jurisdiction or specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction requires the defendant to have "systematic and continuous" contacts with the forum state. *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir. 2009) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3)

if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

### B. Failure to State a Claim

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions, … formulaic recitation[s] of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

5

### III. DISCUSSION

#### A. Personal Jurisdiction over Hilton

Hilton contends that it is not subject to this Court's personal jurisdiction. (Mot. at 2.) Hilton states that it is incorporated in Delaware and has a principal place of business in Virginia, and it denies having any connection to the Hotel, including as a franchisor. (*Id.* at 7.) The certification attached to its motion provides that "the Hotel is independently owned and operated by Excel Holdings 11 LLC [("Excel")] pursuant to a franchise agreement." (D.E. 35-3 ¶ 2.) Plaintiff responds that he "has alleged sufficient facts to establish personal jurisdiction" over Hilton, including that it, "as the franchisor, maintains extensive control over the operations … of its franchise properties," including the Hotel. (Opp. at 3.) A paragraph later, however, he writes that "Defendants' certification confirms that Excel Holdings 11 LLC owns and operates the hotel under a franchise agreement, further linking Hilton's brand and operational standards to the property." (*Id.* at 4.) He also "requests the Court's assistance in requiring Defendants to disclose" details concerning "Hilton's franchise agreement" and "[t]he extent of Hilton's control over the hotel's operations and compliance with brand standards." (*Id.* at 2, 5–6 ("Hilton's oversight responsibilities … must be disclosed to determine whether it shares liability with Excel Holdings 11 LLC.").)

Plaintiff has not met his burden of proving facts sufficient to establish personal jurisdiction. He equivocates as to the Hotel's franchisor, stating alternatively that it is Hilton or Excel. He does not allege any relationship between Hilton and Excel, so his claim that Excel's status as the franchisor "further link[s]" Hilton to the Hotel is unsubstantiated. (*Id.* at 4.) He has not "suggest[ed] 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state'" that would merit jurisdictional discovery. *Toys "R" Us,*

*Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (second alteration in original) (quoting *Mellon Bank*, 960 F.2d at 1223). Accordingly, the second amended complaint must be dismissed as to Hilton.

### B. Failure to State a Claim

Regardless of any personal jurisdiction issues, the second amended complaint also must be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff's concrete allegations concerning the Hotel fall into three categories. First, he experienced "unnecessary delays, hostile interactions, and indifference from hotel staff" during the check-in process. (SAC ¶ 37.) Second, when he sought to complain to the manager, he was "met with indifference." (*Id.* at ¶ 39.) Finally, the lobby was "chaotic and disruptive" because "guests moved around, spoke loudly, and created an uncomfortable atmosphere for someone in the midst of an anxiety attack." (*Id.* at ¶ 38.) He does not allege that he ever informed anyone at the Hotel of his disabilities. He only implies that he requested "a quiet, stress-free environment" (*id.* at ¶ 47) and "room modifications" (*id.* at ¶ 64). Without further specifics, these vague allegations simply do not amount to violations of either federal law that Plaintiff relies on.

Plaintiff alleges that two federal laws were violated: the ADA and the FHA. Under the ADA, it is "unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of … goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006) (citing 42 U.S.C. § 12182(a)). Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 110 (3d Cir. 2017) (quoting 42 U.S.C. §

7

3604(f)(2)).  Violation of either statute may be proven "in one of the three following ways: (1) a showing of disparate treatment, or intentional discrimination; (2) a showing of disparate impact; or (3) a showing of a refusal to make reasonable accommodations."  *Yates Real Est., Inc. v. Plainfield Zoning Bd. of Adjustment*, 404 F. Supp. 3d 889, 915 (D.N.J. 2019); *Lapid Ventures, LLC v. Twp. of Piscataway*, Civ. No. 10-6219, 2011 WL 2429314, at *5 (D.N.J. June 13, 2011) (describing the FHA's and ADA's requirements as "essentially the same").  For the third theory, failure to accommodate, to be the basis of liability, "defendants must have had an idea of what accommodation [the plaintiff] sought."  *Revock*, 853 F.3d at 111 (alteration in original) (quoting *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012)).

Here, Plaintiff proceeds under the theory that Defendants failed to reasonably accommodate his disabilities.  (*See* SAC ¶¶ 64–66, 73–75.)  He has not pled that Defendants were aware of his disabilities, so Defendants cannot be held liable for this failure.  *See, e.g.*, *Lopez v. Pec*, Civ. No. 23-23012, 2025 WL 25560, at *16 (D.N.J. Jan. 3, 2025) (dismissing ADA claim where "Plaintiffs d[id] not allege … whether the … Defendants knew about their disabilities); *Revock*, 853 F.3d at 111.  His allegations regarding requests he made are vague (SAC ¶¶ 47, 64), and there is no basis on which to believe that the Hotel staff knew why Plaintiff made these requests.  Defendants therefore cannot be said to have discriminated against Plaintiff by refusing these requests.  Accordingly, the ADA and FHA claims must be dismissed.

Moreover, because Plaintiff's ADA claim concerns discrimination in public accommodations, it falls under Title III of the ADA.  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003).  "Title III defendants cannot be liable for money damages."  *Id.*  Plaintiff seeks only money damages (SAC ¶¶ 151–56), so he will not be awarded the requested

relief on this claim. For that reason, and for his failure to support his theory of discrimination liability, Plaintiff's ADA claim must be dismissed.

Of the ten causes of action in the second amended complaint, only the ADA and FHA claims arise under federal law. They are also the basis for this Court's subject matter jurisdiction over this case. *See* 28 U.S.C. § 1331. Because they both must be dismissed, and the remaining claims arise under state law, the Court declines to exercise supplemental jurisdiction over the remaining claims. *Patel v. Meridian Health Sys., Inc.*, Civ. No. 12-3102, 2015 WL 12838345, at *1 (D.N.J. Oct. 28, 2015) (second alteration in original) (quoting 28 U.S.C. § 1367(c)(3); *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)) ("[T]he district court 'may decline to exercise supplemental jurisdiction' over state law claims if the court 'has dismissed all claims over which it has original jurisdiction,' and absent extraordinary circumstances, 'jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable.'").

### IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and the second amended complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file a third and final amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

*/s/ Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       José R. Almonte, U.S.M.J.

9